**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WARREN GROSS, DEBORAH LEVIN, SHELBY COOPER and EDWARD BUCHANNAN, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>VILORE FOODS COMPANY, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  20cv0894 DMS (JLB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT VILORE FOODS COMPANY, INC.'S MOTION TO DISMISS AND DENYING MOTION FOR A MORE DEFINITE STATEMENT** |

This case comes before the Court on Defendant Vilore Foods Company, Inc.'s motion to dismiss and motion for a more definite statement. Plaintiffs filed an opposition to the motion, and Vilore filed a reply. For the reasons set out below, the Court grants in part and denies in part Vilore's motion to dismiss and denies the motion for a more definite statement.

**I.**

**BACKGROUND**

On May 13, 2020, Plaintiffs Warren Gross and Deborah Levin filed a Class Action Complaint against Vilore alleging claims under California's Consumers Legal Remedies

Act, Cal. Civ. Code §§ 1750 *et seq.* ("CLRA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"), and California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.* ("FAL"), as well as claims for breach of express warranty, breach of implied warranty and negligent misrepresentation. In their Complaint, Plaintiffs allege they purchased certain "juices and juice-based beverage products, including juice-based products labeled 'Guava Nectar', 'Apricot Nectar', and 'Peach Nectar' (the 'Products')[,]" (Compl. ¶8), which Vilore had distributed. (*Id.* ¶13.)

After a status conference between counsel and the Court, Plaintiffs filed a First Amended Complaint ("FAC") adding two new Plaintiffs, Shelby Cooper and Edward Buchannan, and a new Defendant Arizona Canning Company, LLC ("ACC"). Like Vilore, ACC is alleged to have distributed the Products. (FAC ¶14.) In the FAC, Plaintiffs seek to represent a nationwide class of consumers and a California subclass of consumers who purchased the Products on or after July 1, 2014. (*Id.* ¶¶94-95.) Plaintiffs allege the Product labels, which include the names, "Mango," "Apricot," and "Peach," along with "pictorial representations of various fruits" mislead consumers by suggesting "that the Products consist exclusively of and are flavored only with natural juices." (*Id.* ¶35.) Indeed, Plaintiffs allege that some of the labels included the phrase "100% Natural." (*Id.* ¶¶33 n.2, 36.) Plaintiffs allege these labels are misleading and deceptive as the Products contain artificial flavoring, specifically, dl-malic acid. (*Id.* ¶¶37-42.) Finally, Plaintiffs allege Vilore acted fraudulently by failing to provide an "artificially flavored" disclosure on the front-label as required by federal and state law. (Opp'n at 5 (citing FAC ¶¶ 47-51)).

In the FAC, Plaintiffs reallege all of the claims in the original Complaint: (1) violation of the CLRA, (2) violation of the UCL "Unlawful Prong," (3) violation of the UCL, "Unfair Prong," (4) violation of the FAL, (5) breach of express warranty, (6) breach of implied warranty, and (7) negligent misrepresentation. Through these claims, Plaintiffs seek declaratory and injunctive relief, disgorgement, restitution, compensatory and punitive damages, attorneys' fees, costs and interest. In response to the FAC, Vilore filed the present motion.

# II.

# DISCUSSION

Vilore moves to dismiss the FAC in its entirety. It raises several arguments. First, it argues Plaintiffs have failed to provide it with adequate notice of the facts supporting their claims. Second, Vilore asserts the claims based on the listing of malic acid as an ingredient are preempted. Third, Vilore argues the UCL, CLRA and FAL claims for equitable relief should be dismissed because Plaintiffs have an adequate remedy at law. Fourth, Vilore contends all of Plaintiffs' claims are partially time-barred.

## A.     Legal Standard

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court established a more stringent standard of review for 12(b)(6) motions. To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 680. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

## B.     Failure to Provide Adequate Notice of Claims

Vilore's first argument in support of its motion to dismiss is that Plaintiffs have failed to provide adequate notice of the claims being asserted. Specifically, Vilore argues Plaintiffs have failed to specify the facts underlying their claims against Vilore as opposed

to their claims against ACC. In support of this argument, Vilore relies on Federal Rules of Civil Procedure 8 and 9(b).

Rule 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To satisfy this Rule, "a complaint must 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Tivoli LLC v. Sankey*, No. SACV141285DOCJCGX, 2015 WL 12683801, at *3 (C.D. Cal. Feb. 3, 2015) (quoting *Twombly*, 550 U.S. at 555). This "is a functional standard that ensures that the opposing party can properly defend itself in court." *Cree, Inc. v. Tarr Inc.*, No. 317CV00506GPCNLS, 2017 WL 3219974, at *5 (S.D. Cal. July 28, 2017). Rule 9(b), by contrast, "requires that, when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud....'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Fed. R. Civ. P. 9(b)). A pleading satisfies Rule 9(b) if it identifies "the who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Plaintiffs do not dispute that their claims under the UCL, CLRA and negligent misrepresentation are subject to the heightened pleading requirements of Rule 9(b). *Kearns,* 567 F.3d at 1125 (applying Rule 9(b)'s pleading requirements to claims under the UCL and CLRA); *Zetz v. Bos. Sci. Corp.,* 398 F.Supp.3d 700, 713 (E.D. Cal. 2019) (applying Rule 9(b) to negligent misrepresentation claim).

Vilore's primary argument here appears to be that the Products at issue were not labeled uniformly throughout the Class Period. For instance, Plaintiffs allege that for some time during the Class Period the Products were labeled as "100% Natural," (FAC ¶¶33, 52), but Plaintiffs fail to allege when those labels were in use, or more importantly, whether those labels were in use during Vilore's, as opposed to ACC's, distribution of the Products.[1]

---

[1] Plaintiffs' failure to plead with specificity also impacts their breach of express warranty claim, which appears to be premised on the alleged representation that the Products are "100% Natural."

Rule 9(b) requires Plaintiffs to allege the "who, what, when, where and how" of any claims that sound in fraud. As noted, Vilore argues that includes Plaintiffs' claims under the UCL and CLRA and their claim for negligent misrepresentation. On those claims, the Court agrees with Vilore that Plaintiffs must identify which Defendant is responsible for which label to comply with Rule 9(b). While Plaintiffs identify the Products at issue and set out the allegedly deceptive labeling practices and non-disclosures, they have failed to plead with particularity who engaged in the misbranding, as to which labels, and when and where. Plaintiffs' failure to allege those facts with more specificity warrants dismissal of these claims.[2]

## C. Preemption

Vilore's next argument concerns the use of malic acid on the product labels. In the FAC, Plaintiffs cite 21 C.F.R. §101.4(a)(1) in support of their allegations concerning this issue. (FAC ¶48.) This regulation states: "Ingredients required to be declared on the label or labeling of a food … shall be listed by [their] common or usual name …." 21 C.F.R. § 101.4(a)(1). In their opposition to Vilore's motion, Plaintiffs also cite 21 C.F.R. § 101.4(b) to support their claims, which states, "[t]he name of an ingredient shall be a specific name and not a collective (generic) name[.]" 21 C.F.R. § 101.4(b). Plaintiffs' theory in this case appears to be that malic acid is the common, collective name of the ingredient at issue here, not the specific name, as required by § 101.4(b). Vilore asserts the use of malic acid on the labels is consistent with the federal regulations, and thus the claims based on this theory should be dismissed as preempted.

Plaintiffs' counsel is no stranger to this dispute concerning the use of malic acid on product labels. *See Hilsley v. Gen. Mills, Inc.*, 376 F.Supp.3d 1043, 1045 (S.D. Cal. 2019); *Branca v. Bai Brands, LLC*, No. 318CV00757BENKSC, 2019 WL 1082562, at *1 (S.D. Cal. Mar. 7, 2019); *Morris v. Mott's LLP*, No. SACV1801799AGADSX, 2019 WL 948750,

---

[2] The Court declines to address Vilore's motions to dismiss under Rule 8 and for a more definite statement in light of the ruling above.

at *1 (C.D. Cal. Feb. 26, 2019); *Sims v. Campbell Soup Co.*, No. EDCV18668PSGSPX, 2018 WL 7568640, at *1 (C.D. Cal. Sept. 24, 2018); *Allred v. Frito-Lay N. Am., Inc.*, No. 17-CV-1345 JLS (BGS), 2018 WL 1185227, at *1 (S.D. Cal. Mar. 7, 2018). Thus far, only one court has sided with Plaintiffs' counsel. *See Allred*, 2018 WL 1185227, at *3. The other four courts have sided against Plaintiffs, and dismissed claims similar to the ones alleged here. *See Hilsley*, 376 F.Supp.3d at 1049 (finding FDA regulations do not require that malic acid be listed in the ingredients by a more specific name); *Branca*, 2019 WL 1082562, at *6; *Morris*, 2019 WL 948750, at *5; *Sims*, 2018 WL 7568640, at *7-8 (same).

This Court finds the reasoning of the majority of courts more persuasive, particularly the reasoning of *Morris*. In that case, the court found that § 101.4(b), which requires the use of a "specific name," did not override § 101.4(a), which requires the use of a "common or usual name." 2019 WL 948750, at *5 (citing *Sims*, 2018 WL 7568640, at *8). Instead, the court found § 101.4(b) simply clarified that multiple ingredients must be listed separately rather than as one generic ingredient. *Id.* (citing *Sims*, 2018 WL 7568640, at *8). As an example, the court found that "apples, oranges, and grapes can't be listed collectively as 'fruit.'" *Id.* (citing *Sims*, 2018 WL 7568640, at *8). Vilore relies on this reasoning, along with 21 C.F.R. § 184.1069(a),[3] to support its argument that listing malic acid complies with the federal regulations. This Court agrees with Vilore, and the majority of courts that have addressed this issue, and concludes Plaintiffs' claims based on the malic acid theory are preempted. Accordingly, those claims are dismissed.

**D.   Adequate Remedy at Law**

Vilore next argues that Plaintiffs' UCL, CLRA and FAL claims are equitable in nature, and they should be dismissed because Plaintiffs have adequate remedies at law by virtue of their warranty claims and their claim for negligent misrepresentation.

---

[3] This regulation states "[m]alic acid ($C_4H_6O_5$, CAS Reg. No. of L-form 97-67-6, CAS Reg. No. of DL-form 617-48-1) is the common name for 1-hydroxy-1, 2-ethanedicarboxylic acid." 21 C.F.R. § 184.1069(a).

In support of this argument, Vilore relies primarily on *Sonner v. Premier Nutrition Corp.*, 962 F.3d 1072, *superseded by* 971 F.3d 834 (9th Cir. 2020). Plaintiffs respond that *Sonner* is distinguishable because it involved only a request for restitution, not a request for injunctive relief, which is part of the remedy Plaintiffs request here. The Court agrees with Plaintiffs that *Sonner* is distinguishable, for that reason and others. Furthermore, the cases Plaintiffs cite contradict Vilore's argument that Plaintiffs' claims are subject to dismissal because Plaintiffs have an adequate remedy at law. *See Deras v. Volkswagen Grp. of Am., Inc.*, No. 17-CV-05452-JST, 2018 WL 2267448, at *6 (N.D. Cal. May 17, 2018) (declining to dismiss claims because plaintiff could pursue alternative remedies at pleading stage); *Spirtos v. Allstate Inc.*, Co., No. CV 02-8798-RGK AJWX, 2003 WL 25900368, at *4 (C.D. Cal. Jan. 10, 2003) (stating plaintiffs' "continual injuries, if proven to exist," may warrant injunction). Accordingly, this argument does not warrant dismissal.

**E.     Statutes of Limitations**

Vilore's final argument in support of its motion to dismiss is that all of Plaintiffs' claims are partially time-barred. Vilore points out that Plaintiffs allege they first purchased the Products, as follows: Buchanan in 1999, Cooper in 2012, Levin in 2014, and Gross in 2018. (*See* Mot. at 14 (citing FAC ¶¶ 84-86)). Yet, Plaintiffs seek to represent two classes of consumers with purchases dating back to July 1, 2014, (FAC ¶¶94-95), nearly six years before the complaint was filed in this matter. Accordingly, based on the face of the FAC, Vilore argues Plaintiffs' negligent misrepresentation claims for purchases made before May 13, 2018, CLRA and FAL claims for purchases made before May 13, 2017, and warranty and UCL claims for purchases made before May 13, 2016, are time-barred and must be dismissed. Vilore also asserts that Plaintiffs' reliance on the delayed discovery rule and allegations of fraudulent concealment to toll the statutes of limitation as to these claims fails because Plaintiffs have not pled sufficient facts to support either of those tolling theories.

To invoke the delayed discovery rule, the plaintiff must plead facts that show (1) the time and manner of discovery, and (2) the inability to have made earlier discovery despite

reasonable diligence. *See Yumul v. Smart Balance, Inc.,* 733 F.Supp.2d 1134, 1141 (C.D. Cal. 2010). Similarly, to toll the statute of limitations based on fraudulent concealment, the plaintiff "must plead with particularity the facts which give rise to the claim of fraudulent concealment," including the "facts showing [their] diligence in trying to uncover the facts." *Conerly v. Westinghouse Corp.,* 623 F.2d 117, 120 (9th Cir. 1980). Plaintiffs have failed to meet these requirements.

Essentially, Plaintiffs allege Vilore's deceptive branding—standing alone—fooled them into believing the Products' characterizing flavors were natural and not artificially created. Under this logic, the statute of limitations would be tolled for every "reasonable consumer" from the date he or she was deceived into making a purchase. But more is required of the consumer. They must plead facts showing the inability to have discovered the deception at an earlier time (before the limitations period elapsed), despite exercising reasonable diligence. Aside from declaring they are "reasonably diligent consumers who exercised reasonable diligence in their purchase and consumption of the Products[,]" (FAC ¶ 101), Plaintiffs have not alleged any facts to show, for example, how they discovered the alleged misbranding, the efforts they undertook to make the discovery, or why they were not on inquiry notice.

Plaintiffs reference the FAC to argue that as "reasonably diligent consumers … they would not have been able to discover Defendants' deceptive practices … [because] they rely on and are entitled to rely on the manufacturer's obligation to label its products in compliance with federal regulations and state law." (Opp'n at 10 (quoting FAC ¶ 101)). Next, Plaintiffs argue, again by reference to Paragraph 101 of the FAC:

> Defendants' labeling practices and non-disclosures—in particular, failing to identify the artificial flavor in the ingredient list, or to disclose that the Products contained artificial flavoring, or to accurately identify the kind of malic acid in the Products—impeded Plaintiffs' and Class members' abilities to discover the deceptive and unlawful labeling of the Products throughout the Class Period.

*Id.*

Plaintiffs allegations address in conclusory terms how they were misled, but they do not address the time and manner of discovering the deception, the inability to have made the discovery earlier despite the exercise of reasonable diligence, how Vilore's labeling practices and non-disclosures "impeded" them from making the discovery or excused them altogether from exercising some level of diligence, or how Vilore (perhaps on information and belief) orchestrated the concealment. Without more specificity, Plaintiffs may not toll the applicable statutes of limitation under the delayed discovery or fraudulent concealment theories. Accordingly, Vilore's motion to partially dismiss the foregoing claims as time barred is granted.

## III.
## CONCLUSION AND ORDER

For these reasons, the Court grants in part and denies in part Vilore's motion to dismiss. Specifically, the Court (1) grants the motion to dismiss Plaintiffs' claims under the UCL and the CLRA and their claim for negligent misrepresentation for failure to comply with Rule 9(b), (2) grants the motion to dismiss Plaintiffs' claims to the extent they rely on the malic acid theory, and (3) grants the motion to dismiss Plaintiffs' (a) negligent misrepresentation claims based on purchases pre-dating May 13, 2018, (b) CLRA and FAL claims based on purchases pre-dating May 13, 2017, and (c) breach of warranty and UCL claims based on purchases pre-dating May 13, 2016. The remainder of the motion is denied.

Consistent with Plaintiffs' request, Plaintiffs are granted leave to file a Second Amended Complaint that cures the pleading deficiencies set out above. Plaintiffs are cautioned that if their Second Amended Complaint does not cure these deficiencies, their claims will be dismissed with prejudice and without leave to amend. The Court also notes that if Plaintiffs choose to amend, the commencement of the Class Period must "be

/ / /
/ / /
/ / /

congruent with the statute of limitations." *In re Northrup Grumman Corp. ERISA Litig.*, No. CV 06-06213 MMM (JCx), 2011 WL 3505264, at *13 (C.D. Cal. Mar. 29, 2011). Plaintiffs shall file their Second Amended Complaint on or before **November 13, 2020**.

**IT IS SO ORDERED**.

Dated: October 28, 2020

Hon. Dana M. Sabraw
United States District Judge