UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN GROSS, DEBORAH LEVIN, SHELBY COOPER, and EDWARD BUCHANNAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VILORE FOODS COMPANY, INC., ARIZONA CANNING COMPANY, LLC,<br><br>Defendants. | Case No.:  20cv894-LL-JLB<br><br>**ORDER ON MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>**[ECF Nos. 77, 85, 93, 98]** |

Before the Court are four motions to file documents under seal. ECF Nos. 77, 85, 93, 98. The motions relate to documents filed in support of and in opposition to Plaintiffs' previously filed motion to certify class and appoint class counsel [ECF No. 75], and Defendant Vilore Foods Company, Inc.'s ("Vilore") motion to exclude expert reports [ECF No. 97]. For the below reasons, the motions are **DENIED**.

**I.     Legal Standard**

"When discovery material is filed with the court . . . . its status changes." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). "[T]he public policy

reasons behind a presumption of access to judicial documents (judicial accountability, education about the judicial process etc.) apply." *Id.* (internal citation omitted). Both the common law and the Constitution afford the public a qualified right of access to judicial records and proceedings. *Times Mirror Co. v. U.S.*, 873. F.2d 1210, 1211 n.1 (9th Cir. 1989); *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

In the Ninth Circuit, there is a strong presumption in favor of access to court records. *See Foltz*, 331 F.3d at 1135-36. A party must show compelling reasons to file materials under seal as part of a non-discovery motion, even if they were produced subject to a discovery protective order. *See id.* Once filed, "they lose their status of being raw fruits of discovery" and no longer enjoy protected status without some overriding interests in favor of keeping the material sealed. *Id*. at 1136. The party seeking to file under seal must provide articulable facts showing a compelling reason to limit public access to court filings. *Id.* A court's decision to seal material must be based on a compelling reason, and the order allowing a filing under seal must articulate the factual basis for its ruling without relying on hypothesis or conjecture. *Pintos,* 605 F.3d at 679. "A 'good cause' showing will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments." *Id.* (citing *Kamakana,* 447 F.3d at 1180). However, "sources of business information that might harm a litigant's competitive standing" may be properly sealed. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978).

**II.     Plaintiffs' Motions to Seal [ECF Nos. 77, 93]**

Plaintiffs move to seal Exhibits 1, 5, 6, 9, and 10 attached to the Declaration of Ronald A. Marron, and portions of Plaintiffs' memorandum of points and authorities ("P&A") that discuss Exhibits 5, 6, and 10. ECF No. 77.

Exhibit 1 contains designs of Kern's products' labels, including the nutrition information. Exhibits 5 and 6 contain numerous lists of sales data, including, apparently, sales to particular customers and sales by state. Exhibits 9 and 10 are a report and supplemental report by Plaintiffs' expert Charlene Podlipna, which discuss information

contained in Exhibits 5 and 6.

Plaintiffs' only purported reason for moving to seal these documents is that "Defendants have designated the documents and information as either 'Confidential' or 'Confidential-For Counsel Only' under the Protective Order, [so] Plaintiffs are obligated to file such documents under seal." *Id*. This is not a compelling reason for sealing the information. *See Boy v. Admin. Comm. for Zimmer Biomet Holdings, Inc.*, No. 16-CV-197-CAB-BLM, 2017 WL 2868415, at *1 (S.D. Cal. Feb. 21, 2017) ("That Defendants designated a document as confidential in discovery is irrelevant to the determination of whether compelling reasons justify sealing the document in connection with the instant dispositive motion.").

With respect to Exhibit 10, Plaintiffs state that "Plaintiffs' counsel was informed that this retail pricing and sales information constitutes a trade secret for [Information Resources, Inc. ("IRI")] and public disclosure of this information would place IRI – a non-party to this action – at a competitive disadvantage." *Id*. However, no party explains how the public disclosure of this information would put IRI at a competitive disadvantage. *See Nixon*, 435 U.S. at 598 (finding that business information that might harm a "litigant's" competitive standing may be sealed).

Finally, the only redacted portions of Plaintiffs' P&A that rely on the sales figures are (1) on page six, a brief and broad reference to the number of times Defendants' products were sold in the United States during the class period, and (2) on page twenty, the total sum of restitution estimated by Plaintiffs' expert and by IRI, a company that collects and aggregates retail sales data provided by retailers. This information is relevant to Plaintiffs' alleged damages, and neither party has demonstrated a compelling reason as to why it should be redacted from the P&A and filed under seal.

Based on the above, Plaintiffs' motion to file Exhibits 1, 5, 6, 9, and 10, as well as portions of their P&A, under seal [ECF No. 77] is **DENIED**. On or before **February 18, 2022**, Plaintiffs shall file publicly on the docket an unredacted version of their P&A in support of their motion to certify class and appoint class counsel (currently at ECF No. 75)

that includes complete and unredacted versions of Exhibits 1, 9, and 10. If desired, Defendants may, on or before **February 18, 2022**, file supplemental briefing as to why compelling reasons exist to file Exhibits 5 and 6 under seal. If no supplemental briefing is filed, Exhibits 5 and 6 will be publicly filed on the docket.

In a separate filing, Plaintiffs move to file Exhibit 2 attached to the Marron Declaration under seal for the same reason stated above, i.e. because Defendant Arizona Canning Company, Inc. ("ACC") marked it as "Confidential." ECF No. 93. Exhibit 2 contains excerpts from the transcript of Michael Weber's deposition. ECF No. 95-3. The redacted portion briefly touches upon the merger history of ACC. However, neither party has demonstrated a compelling reason for filing this information under seal.

Therefore, for the same reasons discussed above, Plaintiffs' motion to file Exhibit 2 under seal [ECF No. 93] is **DENIED**. However, before Exhibit 2 is publicly filed, Defendants have until **February 18, 2022** to file supplemental briefing as to why compelling reasons exist to file the unredacted version of Exhibit 2 under seal.

### III. Defendant Vilore's Motions to Seal [ECF Nos. 85, 98]

Vilore moves to seal (1) Exhibits A, B, and J to the Declaration of Allison M. Scott; (2) portions of Vilore's P&A, filed in support of its opposition, that discuss Exhibits A, B, and J; and (3) a declaration by Vilore's expert Benjamin S. Wilner. ECF No. 85. Vilore argues that Exhibits A, B, and J "plainly constitute confidential business information that is basic to Vilore's operations." *Id*. at 4.

Exhibits A and B appear to be the exact same as Exhibit 1 discussed above, i.e. designs of Kern's products' labels, including the nutrition information. Vilore argues that "Exhibit A and B include documents concerning the Kern's Guava and Peach nectar flavors formulation and labeling." *Id*. at 4. The particular information Vilore seeks to seal consists of a brief product description, the products' shelf life and storage conditions, the measurements of the products' labels, and the font size used on the labels.

Exhibit J is Wilner's expert rebuttal report.[1] Vilore argues that "Exhibit J includes summaries of Vilore's wholesale pricing and sales volumes produced to Plaintiffs pursuant to the parties' protective order." *Id*. The particular information Vilore seeks to seal consists of the number of cases Plaintiffs' expert's "allegedly knew" were shipped to a particular region, and the number of Safeway Stores in California and Nevada, that Plaintiffs' expert used to estimate the percentage of cases sold in California. These figures are only briefly referenced in Wilner's report. *See* ECF No. 87-12 at 37.

With respect to the redacted portions of its P&A, Vilore argues the P&A "discusses information that is contained in Exhibits A, B, [and] J." The particular information in its P&A that Vilore seeks to seal consists of Plaintiffs' expert's estimate of the retail price per can, and sales in California compared to nationwide sales.

Finally, Vilore argues a declaration by its expert Wilner should be sealed because it contains "confidential financial information produced by IRI and Vilore pursuant to the Stipulated Protective Order." ECF No. 85 at 4. The particular information Vilore seeks to seal consists of references to Plaintiffs' expert's estimates of prices, and two tables containing Kern's products sales data in California and nationwide.

It is not apparent, and Vilore does not explain, how public disclosure of any of the information discussed above would harm Vilore's competitive standing. Vilore does not, for example, argue that making the information available on the Court's docket would give any particular competitor an advantage, or that the information is not available through other means. Additionally, the amount of redaction in Vilore's opposition is minimal, and it is not clear that the Court will need to rely on the redacted information in deciding Plaintiffs' motion to certify class and appoint class counsel. Vilore has not articulated a compelling reason or made a particularized showing in support of sealing the information.

---

[1] In a separate filing, Vilore also moves to seal the same expert rebuttal report by Wilner, which also is attached as Exhibit A to the Scott Declaration filed in support of Vilore's motion to exclude Plaintiffs' expert reports. ECF No. 98.

Accordingly, Vilore's motions to seal [ECF Nos. 85, 98] are **DENIED**. Unless the documents are withdrawn, on or before **February 18, 2022**, Vilore shall file publicly on the docket an unredacted version of their P&A in support of its opposition [ECF No. 87] that includes complete and unredacted versions all exhibits, as well as an unredacted version of its motion to exclude expert reports [ECF No. 97] that includes a complete and unredacted version of all exhibits.

**IT IS SO ORDERED**.

Dated:  February 12, 2022

Honorable Linda Lopez
United States District Judge