UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN GROSS, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VILORE FOODS COMPANY, INC., et al.,<br><br>Defendants. | Case No.: 20-cv-00894-LL-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO MODIFY SCHEDULING ORDER; AND**<br><br>**(2) ISSUING AMENDED SCHEDULING ORDER**<br><br>**[ECF Nos. 61; 72; 114]** |

Before the Court is the parties' Joint Motion to Modify the Scheduling Order. (ECF No. 114.) Good cause appearing, the parties' joint motion is **GRANTED**, and the Scheduling Order (ECF Nos. 61; 72) is amended as follows:

1. All fact **and** expert discovery shall be completed by all parties by **April 8, 2022**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet**

**and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.

Discovery disputes must be brought to the Court's attention in the time and manner required by § V of Judge Burkhardt's Civil Chambers Rules. **All discovery disputes must be raised within 30 calendar days of the service of an objection, answer, or response** that becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute. *See* J. Burkhardt Civ. Chambers R. § V.

**A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

2.  Failure to comply with the above paragraphs or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

3.  All other pretrial motions must be filed by **May 6, 2022**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

4.  Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **June 10, 2022**.

5.  Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **June 10, 2022**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

///

6. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **June 17, 2022**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

7. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **June 24, 2022**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

8. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **July 8, 2022**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

9. The final Pretrial Conference is scheduled on the calendar of the **Honorable Linda Lopez** on **July 14, 2022**, at **10:00 AM**. The current trial date of **July 11, 2022** is hereby **VACATED** and will be reset at the Pretrial Conference.

10. The parties shall submit the following on or before **August 11, 2022**: (1) joint proposed jury instructions; (2) proposed verdict form; (3) *voir dire* questions; and (4) statement of the case.

11. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

12. A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

13. The dates and times set forth herein will not be modified except for good cause shown.

14. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge.

15. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

16. Plaintiff's counsel shall serve a copy of this Order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: February 24, 2022

Hon. Jill L. Burkhardt
United States Magistrate Judge